**Christopher X. WALKER, Petitioner–Appellant,**

v.

**Daniel BERTRAND, Respondent– Appellee.**

**No. 02–1893.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 2002.

Decided Oct. 8, 2002.

---

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

## ORDER

In 1993 Christopher Walker was convicted of first-degree intentional homicide and sentenced to life imprisonment.[1] After exhausting his state remedies, Walker filed a petition for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254, asserting that his trial counsel was ineffective for failing to exploit evidence regarding the victim's criminal history. The court denied his petition but granted him a certificate of appealability. We affirm.

Both parties have adopted the factual recitation contained in the district court's

decision. In April 1993 Michael Sneed drove up to a street corner where Walker was smoking cocaine. Sneed asked Walker if he wanted to come back to Sneed's apartment and listen to music; Walker agreed. After spending time in the apartment, Walker laid down on the couch to rest. An unclothed Sneed then came out of the bedroom, straddled Walker, and said "[A]re you gonna make me rape you?" Walker asked to use the bathroom and Sneed acceded. While in the bathroom, Walker grabbed a razor blade. As Walker exited the bathroom, Sneed confronted him and tried to pull him near. Walker resisted and struck Sneed across the neck with the razor blade. Walker then grabbed a knife from the kitchen, and as the two struggled, tried to stab Sneed in the back. The two resumed wrestling and Walker stabbed Sneed in the chest. After Sneed stopped moving, Walker took a shower to remove blood, then fled the apartment, taking with him several items containing his fingerprints. The medical examiner could not determine whether Sneed died from a stab wound to the heart or from strangulation.

On the eve of trial, the state told defense counsel that Sneed had been convicted in 1979 of carrying a concealed weapon "with a read in for sentencing purposes of a dismissed charge of fourth degree sexual assault." Under Wisconsin law, a "read-in crime" is one that is dismissed as part of a plea agreement but nevertheless considered as relevant conduct for sentencing. *Robinson v. City of West Allis*, 239 Wis.2d 595, 619 N.W.2d 692, 701–02 (2000). The state told defense counsel that it had no further information about the 1979 incident because the relevant records had been destroyed. At trial defense counsel argued that Walker acted in self defense, but did not try to introduce evidence of

---

1. Walker is eligible for parole in 2019.

Sneed's 1979 incident. The jury rejected Walker's self-defense theory and found him guilty.

After sentencing, Walker filed a post-conviction petition with the trial court asking for a new trial on the ground that his counsel was ineffective for failing to introduce evidence relating to Sneed's 1979 conviction. In response Walker's trial counsel submitted an affidavit stating that he did not pursue the evidence because he believed it would have been inadmissible. The court denied Walker's postconviction petition, reasoning that it would not have admitted the evidence and thus counsel's performance was not constitutionally deficient. Walker later argued on direct appeal that counsel should have introduced the evidence to support his claim that Sneed was the aggressor. The Wisconsin appellate court affirmed, however, concluding that Walker failed to demonstrate prejudice. The Wisconsin Supreme Court later summarily denied Walker's petition for review.

Walker then turned to federal district court, but the district court adopted the recommendation of a magistrate judge in part, 28 U.S.C. § 636(b)(1)(C), and denied his habeas corpus petition. The court, however, granted a CA on "the issue of whether counsel was ineffective by failing to investigate or seek admission of evidence of the victim's misdemeanor conviction for carrying a concealed weapon and the victim's fourth degree sexual assault charge."

The only issue is whether the Wisconsin appellate court reasonably concluded that defense counsel's failure to exploit evidence relating to Sneed's 1979 conviction did not run afoul of the Sixth Amendment. Walker asserts that "review of a district court's habeas decision is generally identical to review of other civil actions," but this ignores the deferential standard of review mandated by 28 U.S.C § 2254(d)(1). Under that provision federal courts may grant habeas corpus relief only if a state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Washington v. Smith,* 219 F.3d 620, 627 (7th Cir.2000). An "unreasonable application" of federal law occurs when the state court identifies the correct governing legal rule but unreasonably applies it to the facts of the state prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Cossel v. Miller,* 229 F.3d 649, 654 (7th Cir.2000).

To prevail under the Sixth Amendment Walker must establish that (1) his attorney's performance fell below an objective standard of reasonableness, and (2) the deficient performance caused him prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Matheney v. Anderson,* 253 F.3d 1025, 1039 (7th Cir. 2001), *cert. denied,* — U.S. —, 122 S.Ct. 1635, 152 L.Ed.2d 644 (2002). With regard to the prejudice element, Walker must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Matheney,* 253 F.3d at 1039–40.

The Wisconsin appellate court's evaluation of Walker's ineffective assistance claim was not unreasonable. Walker contends that defense counsel should have introduced evidence of Sneed's 1979 con-

viction, but cites no Wisconsin authority demonstrating that such evidence would have been admissible. Under Wisconsin law, however, evidence of prior violent acts by the victim is admissible only if the defendant had knowledge of the prior acts, and only for the purpose of demonstrating the defendant's state of mind. *Wisconsin v. Head,* 648 N.W.2d 413, 441 (Wis.2002). Walker knew nothing of Sneed's prior acts, dooming the admissibility of the 1979 incident under Wisconsin law.

Moreover, as noted by the Wisconsin appellate court, Walker has not established prejudice. He fails to explain how the outcome of his trial would have been different; instead he asserts in conclusory fashion that "there can be no reliance or confidence in the results of a trial in which key evidence is not presented at trial." But this "key" evidence was likely inadmissible under Wisconsin law, was remote in time (14 years separated the two events), and was too vague to help him (there are no details of the incident). In short, the Wisconsin appellate court did not act unreasonably by concluding that the outcome of Walker's trial would not have changed had defense counsel pursued the evidence.

AFFIRMED.